UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER BUSH,

  Plaintiff,                                    CASE NO.:

v.

FORD MOTOR CREDIT COMPANY, LLC,

  Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Christopher Bush, by and through the undersigned counsel, and sues Defendant, FORD MOTOR CREDIT COMPANY LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Texas Fair Debt Collection Practices Act.

## INTRODUCTION

1. The TCPA was enacted to prevent companies like FORD MOTOR CREDIT COMPANY LLC from invading American citizens' privacy and to prevent abusive "robo-calls."

2. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30,821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

1

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one consumer complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's claim arising under the TCPA pursuant to 28 U.S.C. § 1331. Which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) and *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1249 (11th Cir. 2014).

6. This Court has supplemental jurisdiction over Plaintiff's state law claim, as the state law claim arises out of a common nucleus of operative fact, and forms part of the same case or controversy. 28 U.S.C. § 1367.

7. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Texas, this suit arises out of Defendant's specific conduct with Plaintiff in Texas, and Plaintiff was injured in Texas. Defendant is a corporation with its principal place of business at 1 American Road, Room 714A6, MI 48126-2701 and which conducts business through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

8.      Venue is appropriate in the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to Plaintiff's claims occurred in Tarrant County, Texas.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Texas, residing in Tarrant County, Texas.

10.     Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Defendant called Plaintiff approximately fifty (50) times in an attempt to collect a debt.

12.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (817) ***-4615, and was the called party and recipient of Defendant's calls.

13.     Defendant placed an exorbitant amount of automated calls to Plaintiff's cellular telephone (817) ***-4615 in an attempt to reach an individual unknown to Plaintiff.

14.     Plaintiff does not currently have any account or business dealings with Defendant.

15.     On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

16.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

17.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: (800) 346-0017

and (313) 216-2022 and when those numbers are called a pre-recorded voice answers and identifies the number as belonging to Defendant.

18. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and/or he received prerecorded messages from Defendant.

19. In or about August of 2018, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number, met with an automated message, held the line and was eventually connected to a live representrative, and informed an agent/representative of Defendant that the calls to his cellular phone were for an individual unknown to him. Plaintiff then demanded that they cease calling his aforementioned cellular telephone number.

20. During the aforementioned phone call with Defendant in or about August of 2018, Plaintiff unequivocally revoked any express consent Defendant may have believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

21. Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was made without the "express consent" of the Plaintiff.

22. Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

23.     Despite actual knowledge of its wrongdoing, Defendant continued the campaign of abuse, calling Plaintiff despite Plaintiff revoking any express consent Defendant may have believed it had to call his aforementioned cellular telephone number.

24.     Plaintiff's repeated requests for the harassment to end were ignored.

25.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

26.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to call Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

27.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

28.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

29.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

30.     Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

31.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

32.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

33. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

35. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

36. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

37. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed by Defendant to Plaintiff's cell phone without express consent was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of

Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

39. Each and every call Defendant placed to Plaintiff's cell phone without express consent resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

40. Each and every call Defendant placed to Plaintiff's cell phone without express consent where a voice message was left, occupied space in Plaintiff's phone or network.

41. Each and every call Defendant placed to Plaintiff's cell phone without express consent resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

42. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and aggravation.

## COUNT I
**(Violation of the TCPA)**

43. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

44. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

45. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against FORD MOTOR CREDIT COMPANY LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the Texas Fair Debt Collection Practices Act)

46. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as is fully set forth herein.

47. The facts states above demonstrate that Defendant violated the Texas Fair Debt Collection Practices Act.

48. Plaintiff is a "consumer" as that term is defined by the Texas Fair Debt Collection Practices Act § 392.001 A(1) of the Texas Finance Code.

49. Plaintiff's relationship with Defendant arose out of a "consumer debt" as that term is defined in the Texas Fair Debt Collection Practices Act § 392.001 A(2) of the Texas Finance Code.

50. Defendant was and is a "debt collector" as that term is defined in the Texas Fair Debt Collection Practices Act § 392.001 A(6) of the Texas Finance Code.

51. Defendant violated Texas Finance Code § 392.302(4) by continually making calls in the collection of a debt with the only intent being to annoy and harass the Plaintiff into paying, even after Plaintiff had advised Defendant that he wanted the calls to his cellular telephone to cease.

52. Violations of the Texas Finance Code are also deemed to be violations of the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code,

and are actionable under that subchapter. As a result thereof, Defendant is liable for actual damages, treble damages, the payment of legal fees and expenses, and exemplary damages.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against FORD MOTOR CREDIT COMPANY LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

| | |
|---|---|
| */s/* | */s/ Joshua R. Kersey* |
| Amy E. Clark, Esquire | Joshua R. Kersey, Esquire |
| Texas Bar No.: 24043761 | Texas Bar No.: 24090206 |
| Amy Clark Law | Morgan & Morgan, Tampa, P.A. |
| Thanksgiving Tower | One Tampa City Center |
| 1601 Elm Street, 33rd Floor | 201 North Franklin Street, 7th Floor |
| Dallas, Texas 75201 | Tampa, Florida 33602 |
| Phone: (512)850-5290 | Telephone: (813) 225-5505 |
| Primary Email: Dallas@AmyClarkLaw.com | Facsimile: (813) 222-2490 |
| Secondary Email: Michelle@AmyClarkLaw.com | Primary Email: JKersey@ForThePeople.com |
| *Local Counsel for Plaintiff* | Secondary Email: LDobbins@ForThePeople.com |
| | *Attorney for Plaintiff* |