UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER BUSH, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:18-CV-02328-X |
| § | |
| FORD MOTOR CREDIT COMPANY, § | |
| LLC, § | |
| § | |
| *Defendant.* § | |

# ORDER

On August 31, 2018, plaintiff Christopher Bush filed a complaint—and, on February 18, 2019, filed an amended class action complaint—alleging violations under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, against defendant Ford Motor Credit Company, LLC (Ford). The Northern District of Texas is the proper venue, as the events underlying the claim occurred in Arlington.[1] But Arlington is in Tarrant County, which is in the Fort Worth Division—not the Dallas Division—of this Court. Barring any objections, the Court **TRANSFERS** this case to the docket of the Honorable Judge Mark T. Pittman in the Fort Worth Division. The Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by Thursday, January 23, 2020.

---

[1] Bush pleads venue under 28 U.S.C. § 1391(b)(2). Because the "alleged violations described herein occurred in Arlington, Tarrant County, Texas," venue is appropriate in the U.S. District Court for the Northern District of Texas. *See* Bush's *Amended Complaint – Class Action* ¶ 4 [Doc. No. 32].

1

I.

Title 28, Section 1404 of the United States Code authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[2] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[3] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[4] District courts analyze Section 1404(a) transfers with private- and public-interest factors:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[5]

---

[2] 28 U.S.C. § 1404(a); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988))).

[3] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 60 (2013).

[4] *DSA Promotions, LLC v. Vonage Am., Inc.*, No. 3:17-CV-3055-D, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

[5] *Atl. Marine*, 571 U.S. at 62, n. 6 (internal citations omitted).

Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[6]

## II.

The Court believes that private- and public-interest factors weigh in favor of transferring this case to the Fort Worth Division.

### A.

The Court first considers private-interest factors and concludes that a transfer serves the parties. First, Bush pleads that all of Ford's alleged violations occurred in Arlington, Texas. Second, because the alleged violations occurred in Arlington, it is presumed that Bush lives in or near Arlington. The City of Arlington is in Tarrant County, within the Fort Worth Division. Other than perhaps the location of local counsel, Bush offers no reason for why his case was filed in the Dallas Division. But most of the attorneys on this case are located out-of-state or out-of-district anyways, and they can travel to the Fort Worth Division as easily as they can to the Dallas Division.

### B.

The Court also considers public-interest factors and concludes that a transfer is in the interest of justice. First, the Dallas Division's civil docket is busier than the Fort Worth Division's civil docket. A transfer helps ensure the case's expeditious resolution. Second, because Tarrant County is where the alleged violations occurred and the plaintiff presumably lives, it is in the public's interest for this controversy to

---

[6] *Mills*, 886 F.2d at 761 (quoting *Jarvis Christian Coll.*, 845 F.2d at 528).

be resolved locally.  This case's only tenuous tie to the Dallas Division is that the registered agent for Ford—a Delaware and Michigan corporation—happens to have a Dallas address.  But for the location of the alleged violations, this case would not have been filed in this division or district at all.  And so, it is reasonable for these alleged violations to be weighed by this Court in its Fort Worth Division.

### III.

For these reasons, barring any objections, the Court **TRANSFERS** this case to the docket of the Honorable Judge Mark T. Pittman in the Fort Worth Division. The Court **GRANTS LEAVE** to the parties to file briefing providing their objections, if any, by Thursday, January 23, 2020.

**IT IS SO ORDERED** this 9th day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE